IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00936-OES

GARY D. HARRIS,

    Plaintiff,

v.

PRISON HEALTH SERVICES, INC.,
DR. IVAN GARLICK,
ADAMS COUNTY OF COLORADO,
DOUGLAS DARR, and
JOE ORTIZ,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 22 2005

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Gary D. Harris is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center at Burlington, Colorado. Mr. Harris has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his rights under the United States Constitution. The court must construe the complaint liberally because Mr. Harris is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Harris will be ordered to file an amended complaint.

The court has reviewed the complaint filed in this action and finds that it is deficient because Mr. Harris fails to allege facts that demonstrate how each Defendant

personally participated in the asserted violations of his rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Harris must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Harris will be ordered to file an amended complaint in which he alleges specific facts to demonstrate how each Defendant personally participated in the asserted constitutional violations. Mr. Harris is reminded that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Harris should name as Defendants in the amended complaint the individuals he believes actually violated his rights.

Mr. Harris also must clarify in the amended complaint he will be ordered to file whether he has exhausted administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances

2

or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle***, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." ***Steele v. Fed. Bureau of Prisons***, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Harris must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. *See **Ross v. County of Bernalillo***, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Harris has not exhausted administrative remedies with respect to each claim he asserts, the entire complaint must be dismissed.

Mr. Harris does not attach to the complaint copies of any administrative proceedings and he fails to allege with specificity how he exhausted administrative remedies. He alleges only that he wrote a kite on September 8, 2004, and another kite in October 2004. He does not explain whether the kites he filed satisfy the grievance procedure available to him, what issues were raised in the kites he filed, and whether he completed the grievance procedure. Accordingly, it is

ORDERED that Mr. Harris file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Harris, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Harris submit sufficient copies of the amended complaint to serve each named Defendant. It is

3

FURTHER ORDERED that, if Mr. Harris fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 21st day of July, 2005.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-00936-OES

Gary D. Harris
Reg. No. 81673
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint** to the above-named individuals on 7/22/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk